MURDOCK, Judge,
concurring specially.
I agree with the main opinion that the presumption recognized in Ex parte Presse, 554 So.2d 406 (Ala.1989), is in fact applicable in this case. I also agree that the alleged biological father has a procedural right to intervene under Rule 24, Ala. R. Civ. P.
The alleged biological father in this case has the procedural right to intervene simply because he “claims an interest relating to the property or transaction which is the subject of the aetion[, he] is so situated that the disposition of the action may as a practical matter impair or impede [his] ability to protect that interest,” and his interest is not adequately represented by the existing parties. See Rule 24(a), Ala. R. Civ. P. (emphasis added). Whether the alleged biological father can prove that interest — i.e., prove that he should be deemed the legal father of the child — is another matter, one that is different from the issue of his right to intervene as a procedural matter. If the trial court ultimately is unable to determine that the presumed father did not persist in the *332 presumption of paternity, the alleged biological father’s claim to paternity will be due to be denied on the merits. See Ex parte Presse, 554 So.2d at 415 (quoting Michael H. v. Gerald D., 491 U.S. 110, 109 S.Ct. 2333, 105 L.Ed.2d 91 (1989)); J.O.J. v. R.R., 895 So.2d 336, 341 (Ala.Civ.App.2004) (Murdock, J., concurring in part and dissenting in part as to case number 2021136) (discussing substantive nature of the presumption in favor of the presumed father); B.N.P. v. D.M.P., 896 So.2d 505, 510 (Ala.Civ.App.2004) (Murdock, J., concurring in the result and joined by Craw-ley and Pittman, JJ.) (reviewing discussion in Ex parte Presse of the nature of the presumption in § 26-17-5(a)(l), Ala.Code 1975).